**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-03036-WJM-KLM

CARLOS SABADOS,

    Plaintiff,

v.

BIOMET, INC., and
BIOMET ORTHOPEDICS, LLC,

    Defendant.

---

**ORDER MAKING ORDER TO SHOW CAUSE ABSOLUTE AND
DISMISSING CASE WITHOUT PREJUDICE**

---

On November 19, 2012, Plaintiff Carlos Sabados initiated this action by filing a Complaint. (ECF No. 1.)  Exercising its independent duty to examine its subject matter jurisdiction, the Court entered an Order to Show Cause ("Order") requiring Plaintiff to allege "sufficient facts to show that diversity jurisdiction exists." (ECF No. 6.)  Plaintiff's response to the Order to Show Cause was due December 3, 2012.  (*Id.*)   Amongst other things, the Order provides:

> Plaintiff's Complaint alleges that the Court has jurisdiction pursuant to 28 U.S.C. § 1332 based on the diversity of the parties.  Plaintiff fails, however, to establish the citizenship of each and every member of one of the named Defendants, Biomet Orthopedics, LLC.  The Court *must consider the citizenship of all members of the LLC in determining whether diversity jurisdiction exists.* See *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

(ECF No. 6.)  *(emphasis added.)*

On November 28, 2012, Plaintiff filed an Amended Complaint. (ECF No. 7.) Notably, the Amended Complaint (filed after the Order) contained no factual allegations regarding the members of Biomet Orthopedics, LLC and/or their citizenship. (*Id.*) On November 30, 2012, Plaintiff filed a Response to Order to Show Cause ("Response"). (ECF No. 8.)

As the party invoking federal court jurisdiction, Plaintiff bears the burden of showing that this Court has subject matter jurisdiction. *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005). Both the Amended Complaint and the Response allege that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000. (ECF No. 7 ¶ 1; ECF No. 8 at 2.) Specifically, Plaintiff alleges that paragraph 5 of the Complaint alleges that "Defendant BIOMET ORTHOPEDICS, LLC. is a corporation organized and existing under the laws of the state of Indiana with its primary place of business at 56 Bell Drive, Warsaw, Indiana." (ECF No. 8 at 1-2.)

Plaintiff further alleges that in paragraph 1 of the Complaint "CARLOS SABADOS is a citizen of COLORADO." (*Id.*) Plaintiff purports that he is "different" to both the first named Defendant (BIOMET, INC) and the second named Defendant (BIOMET ORTHOPEDICS, LLC)—and that diversity jurisdiction exists. (*Id.* at 2.)[1]

Plaintiff has utterly failed to comply with the Order to Show Cause. While Plaintiff did file a Response, the allegations therein only reiterate what is stated in the Amended

---

[1] As to BIOMET, INC., the Plaintiff's Response further alleges that the "Amended Complaint at paragraph 4 alleges, inter alia, that Defendant BIOMET, INC. is a corporation organized and existing under the laws of the state of Indiana with its primary place of business at 56 Bell Drive, Warsaw, Indiana." (ECF No. 8 at 1.)

Complaint.  (ECF No. 8; ECF No. 7.)  Both documents are deficient. The Court must consider the citizenship of *all* members of an LLC in determining whether diversity jurisdiction exists.  *Harvey,* 542 F.3d at 1080.  The Order specifically requested Plaintiff to provide information to establish the citizenship of "each and every member of one of the named Defendants, Biomet Orthopedics, LLC."  (ECF No. 6.)  Plaintiff fails to provide this necessary information for jurisdiction purposes. As such, it does not satisfy the Court's Order to Show Cause.

Pursuant to Federal Rule of Civil Procedure 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction.  The issue of subject matter jurisdiction may be raised *sua sponte* by the Court at any time during the course of the proceedings.  *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988).  Because federal courts are courts of limited jurisdiction, there is a presumption against the existence of jurisdiction and "[t]he party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist."  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974); *see also United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994) (noting that "[t]he party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction.")

The Court notes that Plaintiff was specifically warned that this action would be dismissed if it failed to respond to the Court's Order to Show Cause. (ECF No. 6.)  Despite this warning, Plaintiff failed to provide the information requested.  On the current record, the Court finds Plaintiff has failed to meet his burden of showing that this Court has jurisdiction over this action.

Accordingly, the Court's Order to Show Cause is MADE ABSOLUTE and the

above-captioned action is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

Dated this 5th day of December, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge